**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HIRAM MOISES MARTINEZ MARCANO,<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON, et al.,<br><br>Respondents. | ) | Case No. CIV-26-1389-J |

**ORDER**

Petitioner Hiram Moises Martinez Marcano, a citizen of Venezuela, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus. (Petition) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation (Rep. & Rec.) [Doc. No. 10] recommending that the Court grant the Petition in part and either: (a) order Petitioner's immediate release subject to the same conditions that governed his earlier parole; or (b) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely Objection (Obj.) [Doc. No. 11], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object and did not trigger de novo review, but the Court has considered his reply to Respondents' objection. [Doc. No. 12].

For the reasons discussed below, the Report and Recommendation is ADOPTED IN PART and DECLINED IN PART.

## I. Background

Petitioner entered the United States in May 2021 and was later issued an Interim Notice Authorizing Parole under 8 U.S.C. § 1182(d)(5)(A) for a one-year period not to exceed July 2022. [Doc. Nos. 1-2 & 8-2]. In September 2021, he applied for Asylum and Withholding of Removal. He also obtained employment authorization and a Social Security card. Petition ¶ 3. Petitioner states he is married to a U.S. citizen and is therefore eligible for an Adjustment of Status. *Id.* ¶ 4. On May 28, 2026, Petitioner was detained while participating in a U.S. Citizenship & Immigration Services marriage interview and he remains in custody without a bond hearing. Petitioner filed this habeas action in June 2026, arguing that his detention violates the Administrative Procedure Act, the Immigration and Nationality Act, his right to due process, and ICE's own rules and regulations. As relief, Petitioner seeks immediate release or, alternatively, a bond hearing.

## II. Report and Recommendation

Upon review, Judge Mitchell first concludes that 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive this Court of jurisdiction to consider Petitioner's claims because Petitioner does not challenge a discretionary decision to terminate his parole. Rep. & Rec. at 4–5. Second, Judge Mitchell concludes that Petitioner's current detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(1), because it is not part of the inspection process and did not arise from an attempted entry at a port of entry. *Id.* at 6–8. Rather, he was detained in the interior of the United States years after his initial entry and after his humanitarian parole expired. Consistent with this Court's prior decisions, Judge Mitchell recommends that Petitioner be afforded a bond

hearing under § 1226(a). *Id.* at 9.[1] Judge Mitchell further concludes that Respondents violated Petitioner's due process rights when they summarily revoked his parole without making an individualized determination. *Id.* at 11–17. As a remedy, Judge Mitchell recommends Petitioner's immediate release subject to the same conditions that governed his earlier parole. *Id.* at 18.

## III. Analysis

Respondents first object to Judge Mitchell's conclusion that § 1226(a) controls Petitioner's detention. Obj. at 3–6. Specifically, Respondents assert that a noncitizen entering at a port of entry is an arriving alien under § 1225(b)(1) and that humanitarian parole does not disturb that status. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed many others in this district and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See, e.g., Ismanov v. Grant*, No. CIV-26-453-HE (W.D. Okla. Apr. 24, 2026); *Sevenet v. Valdez*, No. 26-CV-00163-CYC, 2026 WL 1830865, at *3 (D. Colo. June 25, 2026) (collecting cases and rejecting the entry fiction doctrine); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (collecting cases); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 & n.1 (W.D. Okla. July 31, 2026) (considering a materially similar objection and collecting cases); *Bello Rodriguez v. Diamondback Installation*, No. CIV-26-1188-D, 2026 WL 2364679, at *1–2 (W.D. Okla. Aug. 14, 2026).

---

[1] To the extent the Court orders a bond hearing, Judge Mitchell urges the Court to require the Government to bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. Rep. & Rec. at 18–19; *see also* [Doc. No. 12 at 8–9]. However, this Court has repeatedly declined to adopt that recommendation and finds no reason to depart from that conclusion on the record presented here. *E.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026); *see also Toro v. Mullin*, CIV-26-315-JD (W.D. Okla. May 12, 2026) (leaving the burden of proof on the non-citizen in a § 1226(a) hearing does not offend due process); *Singh v. Mullin*, No. CIV-26-712-HE (W.D. Okla. June 18, 2026) (same).

Under the facts presented here, the Court finds Petitioner's detention is most naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of 8 U.S.C. § 1226(a). *See Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.") (citation modified). Because Petitioner's detention is governed by § 1226(a), the Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3.

Second, Respondents object to Judge Mitchell's conclusion that Petitioner is entitled to release based on the arbitrary revocation of Petitioner's humanitarian parole. Obj. at 6–12. On review, the Court agrees with Respondents. Accordingly, because these claims are insufficiently raised, and for reasons this Court has already expressed, the Court DECLINES the Report and Recommendation to the extent it addresses Petitioner's due process claim and recommends release as a remedy. *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2–3 (W.D. Okla. July 29, 2026); *Horta Valdovinos v. Warden, Cimarron Corr. Facility*, No. CIV-26-924-J, 2026 WL 2200432, at *1–2 (W.D. Okla. July 30, 2026).

## IV. <u>Conclusion</u>

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and DECLINED IN PART. Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C.

§ 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 18th day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE